Fraser A. McAlpine (State Bar No. 248554)
Mariko Mae Ashley (State Bar No. 311897)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone       (415) 394-9400
Facsimile:      (415) 394-9401
E-mail:  Fraser.Mcalpine@jacksonlewis.com
E-mail:  Mariko.Ashley@jacksonlewis.com

Attorneys for Defendants
CEVA LOGISTICS U.S., INC., CEVA FREIGHT, LLC,
and CEVA FREIGHT MANAGEMENT
INTERNATIONAL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ALDAPE, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CEVA LOGISTICS U.S., INC., a Delaware corporation; CEVA FREIGHT, LLC, a Delaware corporation; CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC., a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br><br> **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** <br><br><br> Complaint Filed:   November 6, 2020 <br> Trial Date:         None Set |

**TO THE HONORABLE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants CEVA LOGISTICS U.S., INC., CEVA

FREIGHT, LLC, and CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC.

(together, "Defendants") invoke this Court's jurisdiction and remove this action, pursuant to 28

U.S.C. §§ 1332, 1441(a), and 1446 (Class Action Fairness Act), the above-entitled action to this

Court from the Superior Court of the State of California in and for the County of San Mateo

("San Mateo Superior Court").  The removal is based on the following grounds:

1

## I.     PROCEDURAL BACKGROUND.

2

1.     On November 6, 2020, Plaintiff Leonardo Aldape ("Plaintiff") filed a civil action

3

against Defendants in San Mateo Superior Court, titled *Leonardo Aldape v. CEVA Logistics U.S.,*

4

*Inc.* Case No. 20-CIV 04865, which asserted the following causes of action: (1) failure to provide

5

meal periods (Cal. Lab. Code §§ 203, 223, 226.7, 512, 1198); (2) failure to provide rest periods

6

(Cal. Lab. Code §§ 204, 223, 226.7, 1198); (3) failure to pay hourly and overtime wages (Cal.

7

Lab. Code § 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (4) failure to pay vacation wages

8

(Cal. Lab. Code § 227.3); (5) failure to indemnify business related expenses (Cal. Lab. Code §

9

2802); (6) failure to provide accurate written wage statements (Cal. Lab. Code § 226(a)); (7)

10

failure to timely pay all final wages (Cal. Lab. Code §§ 201-203); and (8) unfair competition (Cal.

11

Bus. & Prof. Code §§ 17200, *et seq*.).  On November 9, 2020, Plaintiff served Defendants the

12

Summons and Complaint, a true and correct copy of which is attached as **Exhibit A** (Complaint).

13

2.     On November 9, 2020, Defendants filed their Answer to Plaintiff's Complaint in

14

San Mateo Superior Court.  A true and correct copy of Defendants' Answer is attached hereto as

15

**Exhibit B**.

16

3.     In his Complaint, Plaintiff has pleaded that he seeks to represent a class of "[a]ll

17

persons employed by Defendants and/or any staffing agencies and/or any other third parties in

18

hourly or non-exempt positions in California" from "four years prior to the filing of the action

19

until judgment is entered."  (Exhibit A, Complaint ¶ 15.)

20

4.     Exhibits A and B constitute all the pleadings served on or filed by Defendants in

21

the state court action prior to the filing this Notice of Removal.

22

## II.     VENUE

23

5.     Venue properly lies in the United States District Court for the Northern District of

24

California pursuant to 28 U.S.C. § 1441(a).  Section 1441(a) provides:

25

26

27

> [A]ny civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United States for
> the district and division embracing the place where such action is pending.

28

6.     As indicated above, Plaintiff brought this action in San Mateo Superior Court.  The

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

United States District Court for the Northern District of California encompasses this county.  28 U.S.C. § 84(a).

### III.  THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

7.      Plaintiff brings this action as a putative class action.[1]  Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446 because (1) the aggregate number of putative class members in all proposed classes is 100 or greater; (2) diversity of citizenship exists between at least one putative class member and the named defendants in this matter; and (3) the amount placed in controversy by the complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010).  Although Defendants deny Plaintiff's factual allegations and further deny that Plaintiff or the class he purports to represent is entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### A.  The Putative Class Has More Than 100 Members.

8.      To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, 1090 n.2.

9.      According to the Complaint, the relevant class period for all claims is four years preceding the November 6, 2020 filing of the Complaint through the present date.  (Exhibit A, Complaint ¶ 15.)  CEVA Logistics U.S., Inc. and CEVA Freight, LLC employed more than 1,250 nonexempt employees in California since November 6, 2016.  (Declaration of Subrat Nayak ("Nayak Decl.") ¶ 3.)  Accordingly, there are at least 100 members of Plaintiff's proposed class.

### B.  Diversity Of Citizenship Exists.

10.      To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, one putative class member is a citizen of a state different

---

[1] Defendant denies, and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action.

from any defendant.  28 U.S.C. § 1332(d)(2)(a) (stating that under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel*, 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

11.     "An individual is a citizen of the state in which he is domiciled. . . ."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12.     According to the Complaint, Plaintiff is a resident of the State of California. (Exhibit A, Complaint ¶ 7.)  Plaintiff is a citizen of California for diversity jurisdiction purposes.

13.     Moreover, Plaintiff has brought claims on behalf of putative class members residing in California.  (Exhibit A, Complaint ¶ 13.)  Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

14.     A corporation is a citizen of any state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  In *Hertz Corp v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the "nerve-center" test to determine the state in which a corporation has its principal place of business.  *Id*. at 93.  Under the "nerve-center" test, the principal place of business refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  [This] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and "not simply an office where the corporation holds its board meetings."  *Id*. at 93.

15.     Defendant CEVA Logistics U.S., Inc. is a citizen of the State of Delaware and the State of Texas.  (Exhibit A, Complaint ¶ 5.)  Defendant CEVA Logistics U.S., Inc. is a Delaware corporation with corporate headquarters—and thus its principal place of business—in Houston,

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Texas. (*Id.*)

16.     Defendant CEVA Freight Management International Group, Inc. is also a citizen of the State of Delaware and the State of Texas. (Exhibit A, Complaint ¶ 5.) Defendant CEVA Freight Management International Group, Inc. is a Delaware corporation with corporate headquarters—and thus its principal place of business—in Houston, Texas. (*Id.*)

17.     Also for the purposes of diversity jurisdiction, an unincorporated association—such as a limited liability company or partnership—has the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Godoy v. Bank of New York Mellon*, Case No. 8:2016-cv-01048, 2016 WL 4072333, at *2 (C.D. Cal. July 29, 2016) ("[A]n LLC is a citizen of every state in which its owners/members are citizens."). For purposes of a removal under the Class Action Fairness Act, however, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

18.     Defendant CEVA Freight, LLC is also a citizen of the State of Delaware and the State of Texas. (Exhibit A, Complaint ¶ 5.) CEVA Freight, LLC is organized under the laws of Delaware and maintains its corporate headquarters—and thus its principal place of business—in Houston, Texas. (*Id.*)

19.     It is not necessary for DOES 1 through 10 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

20.     Accordingly, at least one member of the putative class is a citizen of a state different from a defendant for the purpose of determining diversity. Plaintiff is a citizen of California and CEVA Logistics U.S., Inc., CEVA Freight, LLC, and CEVA Freight Management International Group, Inc. are all citizens of Delaware and Texas. 28 U.S.C. §§ 1332(d)(10). As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

1

**C.**     **The Amount in Controversy Exceeds $5,000,000.**

2         21.     Pursuant to CAFA, the claims of the individual members in a putative class action

3 are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of

4 interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff may not avoid removal to federal court

5 under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or

6 subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v.*

7 *Knowles*, 133 S. Ct. 1345, 1347 (2013). Because here Plaintiff has not expressly pled a specific

8 amount of damages, Defendants need only show that it is more likely than not that the amount in

9 controversy exceeds $5,000,000. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,

10 788–89 (9th Cir. 2018); *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir.

11 1997).

12         22.     In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547

13 (2014), the United States Supreme Court held that, where the complaint is silent as to whether the

14 amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's

15 notice of removal need include only a plausible allegation that the amount in controversy exceeds

16 the jurisdictional threshold." *Id*. at 554 (emphasis added) ("By borrowing Rule 8(a)'s 'short and

17 plain statement' standard, corroborative history indicates, Congress intended to clarify that courts

18 should 'apply the same liberal rules [to removal allegations as] to other matters of pleading."). "If

19 a federal court is uncertain about whether 'all matters in controversy' in a purported class action

20 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of

21 exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109–14, at 42 (2005)

22 (citation omitted). *Dart Cherokee* is clear that "no antiremoval presumption attends cases

23 invoking CAFA, which Congress enacted to facility adjudication of certain class actions in

24 federal court." *Id*. (quoting *Standard Fire Ins. Co*., 568 U.S. 588, 595 (2013) ("'CAFA's primary

25 objective' is to 'ensur[e] 'Federal Court consideration of interstate cases of national

26 importance.'")

27         23.     A removing defendant is "not required to comb through its records to identify and

28 calculate the exact frequency of violations." *Oda v. Gucci America, Inc*., Case No. 2:14-cv-7468-

1    SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Mackall v.*

2    *HealthSource Global Staffing, Inc.*, Case No. 16-cv-03810-WHO, 2016 U.S. Dist. LEXIS

3    119292, at *8 (N.D. Cal. Sept. 2, 2016) ("[T]he burden to establish the amount in controversy by

4    a preponderance of the evidence does not require the defendant to 'research, state, and prove the

5    plaintiff's claims for damages.'"); *Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB

6    (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D. Cal. Apr. 28, 2015). ("[A] removing

7    defendant is not obligated to research, state and prove the plaintiff's claims for damages.")

8    (citation omitted). *See also LaCross v. Knight Transport. Inc.*, 775 F.3d 1200, 1203 (9th Cir.

9    2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be

10   able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the

11   amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198,

12   n.1 (9th Cir. 2015) (stating that in alleging the amount in controversy, defendants "are not

13   stipulating to damages suffered, but only estimating the damages in controversy").  The ultimate

14   inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what a defendant will

15   actually owe.  *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the

16   complaint in determining the amount in controversy") (citation omitted).

17          24.     Under *Dart Cherokee*, a removing defendant is also not required to submit

18   evidence in support of its removal allegations.  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963

19   (9th Cir. 2020); *Craig v. Universum Communs., Inc.*, Case No. 20-cv-01284-HSG, 2020 U.S.

20   Dist. LEXIS 144046, at *9 (N.D. Cal. Aug. 11, 2020) ("Defendant is not required to submit

21   outside evidence[.]").  However, as detailed below, Defendants have both plausibly alleged and

22   established by a preponderance of the evidence that the amount in controversy exceeds

23   $5,000,000 and the Court has jurisdiction pursuant to CAFA.

24          25.     Although Defendants deny Plaintiff's factual allegations and denies that Plaintiff

25   or the putative class he seeks to represent is entitled to any relief, Plaintiff's allegations have more

26   likely than not put into controversy an amount that exceeds the $5,000,000 threshold when

27   aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

28          26.     Plaintiff alleges seven causes of action on behalf of himself and the putative class:

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

(1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to pay vacation wages; (5) failure to indemnify business related expenses; (6) failure to provide accurate written wage statements; (7) failure to timely pay all final wages; and (8) unfair competition.

27.     Although the Complaint is silent as to the amount in controversy, the amount in controversy exceeds $5,000,000 from the face of the complaint, especially considering the following allegations set forth by Plaintiff:

### 1.     Waiting Time Penalties

28.     Regarding Plaintiff's seventh cause of action for waiting time penalties pursuant to Cal. Lab. Code § 203(a), Plaintiff seeks waiting time penalties on behalf of himself and putative class members under Labor Code section 203, from the date their earned and unpaid wages were due, upon termination or resignation, up to a maximum of thirty days.  (Complaint ¶ 151.)

29.     Since November 9, 2017, at least 900 nonexempt California employees terminated their employment with CEVA Logistics U.S., Inc. or CEVA Freight, LLC. (Nayak Decl. ¶ 4.) The average rate of pay for these nonexempt employees in California during the putative class period was approximately $19.50 per hour.  (*Id*.)

30.     Therefore, the total waiting time penalties placed at issue by the Complaint is at least $4,212,000 (900 terminated employees x $19.50 average hourly rate x 8 hours per day x 30 days).

### 2.     Wage Statement Penalty Claim

31.     Pursuant to Labor Code Section 226(e)(1), an employee suffering an injury as a result of a knowing and intentional failure by an employer (which Plaintiff alleges) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.  See Cal. Lab. Code § 226(a), (e)(1).  Labor Code Section 226 has a one-year statute of limitations for wage statement penalties.  See Cal. Civ. Code. §340.

32.     Since November 9, 2019, there were at least 676 nonexempt employees of CEVA Logistics U.S., Inc. in California who worked at least 41 weekly pay periods.  (Nayak Decl. ¶ 5.)

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

33.     Therefore, according to Plaintiff's allegations, the total amount-in-controversy for his Labor Code Section 226 claim is at least $2,704,000 (676 nonexempt employees* $4,000 maximum penalty for 41 or more pay periods).

### 3.     Other Claims, Attorneys Fees

34.     In addition to these two claims, Plaintiff seeks damages on behalf of himself and the putative class for: (1) failure to provide meal periods; (2) failure to provide meal periods; (3) failure to pay hourly and overtime wages; (4) failure to pay vacation wages; and (5) failure to indemnify business related expenses.  (Complaint ¶ 70-136.)  These potential damages and/or penalties significantly increase the amount in controversy.

35.     Finally, Plaintiff seeks attorneys' fees and costs.  (Complaint, Prayer for Relief ¶ L.)  Although Defendants deny Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (noting that federal courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

36.     Accordingly, the following is the minimum amount in controversy based on the allegations alleged by Plaintiff:

| Waiting Time Penalties | $4,212,000 |
|---|---|
| Wage Statement Penalties | $2,704,000 |
| Attorneys' Fees | $1,729,000 |
| **Minimum Amount-In-Controversy:** | **$8,645,000** |

37.     Based on the foregoing, all requirements for CAFA removal are satisfied here.

## IV.     TIMELINESS OF REMOVAL

38.     Plaintiff served Defendants with the Complaint on November 9, 2020—thus, this present Notice of Removal is timely because it was filed within thirty days after Defendants were served with papers from which it could first be ascertained that the case was removable.

9

1   28 U.S.C. § 1446(b).  No previous Notice of Removal has been filed or made with this Court.

2   **V.**     **NOTICE TO PLAINTIFF AND STATE COURT**

3          39.     In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy

4   of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel

5   and filed with the Clerk of the San Mateo Superior Court.  As such, all procedural requirements

6   have been satisfied.

7   **VI.**    **CONCLUSION**

8          40.     For the reasons set forth above, removal to this Court is proper.

9   Dated:  December 9, 2020

10                                                    JACKSON LEWIS P.C.

11

12                                          By:  _____
                                                Fraser A. McAlpine
13                                              Mariko Mae Ashley
                                                Attorneys for Defendants
14                                              CEVA LOGISTICS U.S., INC.,
                                                CEVA FREIGHT, LLC, and CEVA
15                                              FREIGHT MANAGEMENT
                                                INTERNATIONAL GROUP, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CEVA LOGISTICS U.S., INC., a Delaware corporation;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEONARDO ALDAPE, on behalf of himself and all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON      11/6/2020
By      **/s/ Anthony Berini**
         **Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Hall of Justice | **CASE NUMBER:** *(Número del Caso):* 20-CIV-04865 |

400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David Keledjian of the Setareh Law Group, 315 South Beverly Drive, Ste 315, Beverly Hills, CA 90212 (310) 888-7771

| DATE: *(Fecha)* November 6, 2020 | Neal I. Taniguchi | Clerk, by *(Secretario)* | /s/ Anthony Berini | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>ALDAPE v. CEVA LOGISTICS U.S., INC. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CEVA FREIGHT, LLC, a Delaware corporation; CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
   david@setarehlaw.com
3  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   LEONARDO ALDAPE

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN MATEO

10

11 LEONARDO ALDAPE, on behalf of himself      Case No. 20-CIV-04865
   and all others similarly situated,
12                                            **CLASS ACTION COMPLAINT**
              *Plaintiff,*
13                                            1. Failure to Provide Meal Periods (Lab. Code
        vs.                                      §§ 204, 223, 226.7, 512 and 1198);
14                                            2. Failure to Provide Rest Periods (Lab. Code
   CEVA LOGISTICS U.S., INC., a Delaware         §§ 204, 223, 226.7 and 1198);
15 corporation; CEVA FREIGHT, LLC, a          3. Failure to Pay Hourly Wages (Lab. Code §§
   Delaware corporation; CEVA FREIGHT            223, 510, 1194, 1194.2, 1197, 1997.1 and
16 MANAGEMENT INTERNATIONAL                      1198);
   GROUP, INC., a Delaware corporation; and   4. Failure to Pay Vacation Wages (Lab. Code
17 DOES 1 through 50, inclusive,                 § 227.3);
                                              5. Failure to Indemnify (Lab. Code § 2802);
18            *Defendants.*                    6. Failure to Provide Accurate Written Wage
                                                 Statements (Lab. Code §§ 226(a));
19                                            7. Failure to Timely Pay All Final Wages
                                                 (Lab. Code §§ 201, 202 and 203);
20                                            8. Unfair Competition (Bus. & Prof. Code §§
                                                 17200 *et seq.*);
21
                                              **JURY TRIAL DEMANDED**
22

23

24

25

26

27

28

─────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

Plaintiff LEONARDO ALDAPE ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against Defendants CEVA LOGISTICS U.S., INC., CEVA FREIGHT, LLC, CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC., and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

  (1) failed to provide him and all other similarly situated individuals with meal periods;

  (2) failed to provide them with rest periods;

  (3) failed to pay them premium wages for missed meal and/or rest periods;

  (4) failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

  (5) failed to pay them at least minimum wage for all hours worked;

  (6) failed to pay them overtime wages at the correct rate;

  (7) failed to pay them double time wages at the correct rate;

  (8) failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

  (9) failed to pay them for all vested vacation pay;

  (10) failed to reimburse them for all necessary business expenses;

  (11) failed to provide them with accurate written wage statements; and

  (12) failed to pay them all of their final wages following separation of employment.

2.     Based on these alleged labor code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

///

///

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

4.      Venue is proper in the County of San Mateo pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in the county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

5.      Venue is proper in San Mateo County because Defendants' principal place of business is in Texas, is incorporated under the laws of Delaware, does business in San Mateo County, and has not registered a California place of business with the California Secretary of State.  As such, venue is proper in any county in California.

6.      Plaintiff is informed and believes, and thereupon alleges that the individual claims of the class defined below are under the $75,000 threshold for federal diversity jurisdiction and the aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act of 2005.  Further, there is no federal question at issue as the issues herein are based solely on California law.

**PARTIES**

7.      Plaintiff LEONARDO ALDAPE is, and at all relevant times mentioned herein was, an individual residing in the State of California.

8.      Defendant CEVA LOGISTICS U.S., INC. is, and at all relevant times mentioned herein, a corporation organized and existing under the laws of Delaware and doing business in the State of California.

9.      Defendant CEVA FREIGHT, LLC is, and at all relevant times mentioned herein, a corporation organized and existing under the laws of Delaware and doing business in the State of California.

10.     Defendant CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC. is, and at all relevant times mentioned herein, a corporation organized and existing under the laws of

Delaware and doing business in the State of California.

11.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes and thereupon alleges that the defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

12.    Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification of each of the other defendants.

13.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

14.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

15.    **Relevant Time Period**:   The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class:**  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period.

**Meal Period Sub-Class:**  All **Hourly Employee Class** members who worked a shift in excess of five hours during the Relevant Time Period.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift

3

1  of at least three and one-half (3.5) hours during the **Relevant Time Period**.

2  **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three

3  years before the filing of this action and ending when final judgment is entered.

4  **Wage Statement Penalties Sub-Class**: All persons employed by Defendants and/or any staffing agencies and/or any other third parties in California during the period beginning one

5  year before the filing of this action and ending when final judgment is entered.

6  **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

7

8  **Expense Reimbursement Class**: All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

9  **Vacation Pay Class**: All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving

10  compensation for each vested paid vacation day during the **Relevant Time Period**.

11  16.   **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right

12  to amend or modify the class definitions with greater specificity, by further division into sub-classes

13  and/or by limitation to particular issues.

14  17.   **Numerosity:** The class members are so numerous that the individual joinder of each

15  individual class member is impractical. While Plaintiff does not currently know the exact number of

16  class members, Plaintiff is informed and believes that the actual number exceeds the minimum

17  required for numerosity under California law.

18  18.   **Commonality and Predominance:** Common questions of law and fact exist as to all

19  class members and predominate over any questions which affect only individual class members.

20  These questions include, but are not limited to:

21      A.   Whether Defendants maintained a policy or practice of failing to provide

22           employees with their meal periods;

23      B.   Whether Defendants maintained a policy or practice of failing to provide

24           employees with their rest periods;

25      C.   Whether Defendants failed to pay premium wages to class members when they

26           have not been provided with required meal and/or rest periods;

27      D.   Whether Defendants failed to pay minimum and/or overtime wages to class

28           members as a result of policies that fail to provide meal periods in accordance

with California law;

E.  Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.  Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

G.  Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

H.  Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

I.  Whether Defendants failed to provide proportionate accruals for vested vacation time for class members as required by California law;

J.  Whether Defendants subjected the vacation time and/or floating holidays they offer to class members to forfeiture;

K.  Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

L.  Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

M.  Whether Defendants failed to pay class members all wages without discount;

N.  Whether Defendants failed to pay employees for compensable training time;

O.  Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

P.  Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

1      Q. Whether class members are entitled to restitution of money or property that

2      Defendants may have acquired from them through unfair competition.

3      19.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff

4 is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to

5 comply with the Labor Code and Business and Professions Code as alleged herein.

6      20.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

7 that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class

8 members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members.

9 Plaintiff will fairly and adequately represent and protect the interests of class members.

10     21.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

11 they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

12 wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf

13 of Plaintiff and absent class members.

14     22.    **Superiority:** A class action is vastly superior to other available means for fair and

15 efficient adjudication of class members' claims and would be beneficial to the parties and the Court.

16 Class action treatment will allow a number of similarly situated persons to be simultaneously and

17 efficiently prosecute their common claims in a single forum without the unnecessary duplication of

18 effort and expense that numerous individual actions would entail. In addition, the monetary amounts

19 due to many individual class members are likely to be relatively small and would therefore make it

20 difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a

21 class action will serve an important public interest by permitting class members to effectively pursue

22 the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent

23 or contradictory judgments inherent in individual litigation.

24             **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

25     23.    Plaintiff was employed with Defendants beginning on or about July 5, 2019 and was

26 terminated on or about April 2019.

27                  **Security Check and Off-the-Clock**

28     24.    Plaintiff and the putative class were required to utilize the general entrance to the

1   facilities and required to go through a security check at the time of entering and leaving the facilities

2   where they worked.  The security check required Plaintiff and the putative class to first wait in a

3   general-purpose line where anyone who wanted to enter the facility was required to go through a

4   security screening.

5        25.    Plaintiff and the putative class were required to take off their shoes, bring out all of

6   their belongings from pockets or any bags, and to walk through a metal detector as part of their

7   security check.

8        26.    Plaintiff and the putative class were required to spend at least five to fifteen minutes

9   each time they went through the security check – time that was not paid by Defendants.

10       27.    Plaintiff and the putative class were required to go through the security check prior

11  to clocking in at the beginning of each work shift and were required to clock out first at the end of

12  each work shift prior to going through the security check.

13       28.    Based on the above, Defendants' security check practices have resulted in substantial

14  amounts of time not recorded as hours worked therefore resulting in substantial amount of wages not

15  paid to Plaintiff and the putative class.

16                              **Meal/Rest Periods and Security Check**

17       29.    Plaintiff and the putative class members were not provided with meal periods of at

18  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

19  scheduling each meal period as part of each work shift; (2) no formal written meal and rest period

20  policy that encouraged employees to take their meal and rest periods; and (3) practice of requiring

21  Plaintiff and the putative class to undergo a security check during a portion of their meal periods.

22       30.    Plaintiff and the putative class members were not provided with rest periods of at

23  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

24  Defendants' policy of not scheduling each rest period as part of each work shift; (2) no formal written

25  meal and rest period policy that encouraged employees to take their meal and rest periods; and (3)

26  practice of requiring Plaintiff and the putative class to undergo a security check during a portion of

27  their rest periods.

28       31.    Plaintiff and the putative class were required to clock out before each meal period

1 | prior to going through the security check; and were required to go through the security check prior
2 | to clocking back in at the end of each meal period.

3 |     32.    As Plaintiff and the putative class were only allotted thirty (30) minutes for each meal
4 | period, and were required to go through Defendants' security check in order to leave and re-enter
5 | the facility, the practical effect of Defendants' policy resulted in Plaintiff and the putative class
6 | staying on the premises and otherwise not exercising their right to leave the facility as it would
7 | intrude into their meal periods.

8 |     33.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not
9 | provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours
10 | worked due to complying with Defendants' requirements that required Plaintiff and the putative class
11 | to utilize a portion of their meal periods to comply with Defendants' security check requirements.

12 | **Shortened Meal Periods**

13 |     34.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
14 | Defendants maintained a policy or practice of requiring Plaintiff and the putative class to wait in a
15 | long line to clock in and out for their meal periods as they were required to go through a security
16 | check at the time of entering and leaving the facilities where they worked.  The security check
17 | required Plaintiff and the putative class to first wait in a line where anyone who wanted to enter the
18 | facility was required to go through a security screening.  Accordingly, Plaintiff and the putative class
19 | would typically have to wait in line before they could clock in and out for their meal periods.

20 |     35.    Accordingly, Plaintiff and the putative class were provided with shortened meal
21 | periods due to the time spent entering and leaving the facilities, undergoing security checks, and the
22 | necessary to return to their workstations.

23 |     36.    Plaintiff alleges that, at relevant times during the applicable limitations period,
24 | Defendants maintained a policy or practice of disciplining Plaintiff and members of the putative
25 | class, up to and including termination, if they did not clock back in from their meal periods on time.

26 |     37.    Plaintiff alleges that, at relevant times during the applicable limitations period, due to
27 | Defendants above-mentioned policy or practice, Plaintiff and the putative class did not receive their
28 | full thirty (30) minutes uninterrupted meal periods that they were entitled under California law.

1

**Clock-In Process**

2          38.     Plaintiff and the putative class were trained to clock in for each work shift using an

3   iPad on the wall of the facility.  Plaintiff is informed and believes, and thereupon alleges that, at all

4   relevant times during the applicable limitations period, there were only two devices available for all

5   employees of each facility to clock in and out of work.  Plaintiff and the putative class were required

6   to wait in a line of other employees to clock in on the device.  It generally took approximately five to

7   ten minutes to get through the line to clock in.

8          39.     The entire time spent waiting to clock in would not be accurately recorded and

9   therefore resulted in Plaintiff and the putative class not being paid for all hours worked while waiting

10  for the device to become available.

11         40.     Often, Plaintiff and the putative class would encounter login errors, crashes, or

12  malfunctions that would prevent them from being able to clock in and out.  When this would happen,

13  a supervisor would manually enter all clock in and clock out times for all employees without

14  consulting with the employees as to their accuracy or obtaining their approval.

15         41.     Accordingly, Plaintiff's and the putative classes' clock in times were not properly

16  recorded as time worked which resulted in Plaintiff and the putative class not being paid for all hours

17  worked by Defendants.

18                                  **Clock Out Process**

19         42.     Similarly, upon clocking out for each work shift, Plaintiff and the putative class were

20  required to clock out on the iPad.  Upon signing out on the iPad, each employee was deemed to be

21  "clocked out," which is the time recognized as the actual end time for each workday and when

22  Plaintiff and the putative class would stop being paid by Defendants.

23         43.     After being clocked out, Plaintiff and the putative class would then be required to go

24  through the same security process of taking off their shoes, bringing out all of their belongings from

25  pockets or any bags, and walking through a metal detector.

26         44.     Accordingly, after Plaintiff and the putative class clocked out, they were required to

27  spend approximately five to ten minutes to go through security before they could leave – time which

28  was not properly recorded as time worked and which resulted in Plaintiff and the putative class not

being paid for all hours worked by Defendants.

<strong><u>Clocking Out/Off-the-Clock</u></strong>

45.     Plaintiff and the putative class would be required to perform off-the-clock work on multiple occasions after they had clocked out for their shift.  For example, Plaintiff and the putative class would be contacted by supervisors for work related duties on their personal phones after they had already clocked out for their shift.

46.     Defendants knew or should have known that Plaintiff and the putative class were not "on the clock" after they had clocked out and therefore should not have directed Plaintiff and the putative class to perform any additional work once they had clocked out.

47.     Plaintiff and the putative class were not paid for all hours worked as they were required to clock out as they were leaving the facility.

48.     The time spent by Plaintiff and the putative class to communicate by text or email with supervisors could be anywhere from five to ten minutes – time which was unpaid by Defendants.

49.     Plaintiff and the putative class were not paid for the time spent working off-the-clock.

<strong><u>Missed Meal Periods</u></strong>

50.     During their employment with Defendants, Plaintiff and the putative class regularly worked shifts of eight to twelve hours per day, without being afforded a meal break during the first five hours, and/or a second meal break after ten hours, as required by California law.

51.     Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; (4) interrupting employees with calls and texts during breaks; and (5) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

52.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the

10<br>CLASS ACTION COMPLAINT

1 | putative class to work through their meal periods in order to complete their assignments on time.

2 | **Missed Rest Periods**

3 | 53.   Plaintiff and the putative class members were not provided with rest periods of at
4 | least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)
5 | Defendants' policy of not properly scheduling each rest period as part of each work shift; (2)
6 | chronically understaffing each work shift with not enough workers; (3) imposing so much work on
7 | each employee such that it made it unlikely that an employee would be able to take their breaks if
8 | they wanted to finish their work on time; (4) interrupting employees with calls and texts during
9 | breaks, and (5) no formal written meal and rest period policy that encouraged employees to take their
10 | meal and rest periods.

11 | 54.   As a result of Defendants' policies, Plaintiff and the putative class were regularly not
12 | provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked
13 | due to complying with Defendants' productivity requirements that required Plaintiff and the putative
14 | class to work through their rest periods in order to complete their assignments on time.

15 | **Vacation Pay**

16 | 55.   Plaintiff and the putative class accrued vacation wages during their employment with
17 | Defendants.

18 | 56.   Under California law, vacation wages are considered a form of wages under Labor
19 | Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on labor
20 | performed are considered wages that cannot be subject to forfeiture without compensation for
21 | forfeited days at the applicable rates required by law.

22 | 57.   At all relevant times, Defendants maintained policies that provide for the unlawful
23 | forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic*
24 | *Dress-Up Co.*, (1982) 31 Cal. 3d 774.

25 | 58.   Plaintiff and the putative class are entitled to vacation accrued during their
26 | employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out
27 | all accrued vacation pay.

28 | ///

**Regular Rate of Pay**

59.     The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

60.     During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

**Expense Reimbursement**

61.     Plaintiff and the putative class members were required to utilize their own personal phones to perform their job duties, as well as to purchase and maintain a work uniform.

62.     Plaintiff and the putative class members were not reimbursed for business expenses incurred in maintaining their equipment, uniforms, and cell phone use for business purposes, including text messages and minutes.

63.     In addition, Plaintiff and the putative class members were not paid at least two times the minimum wage for all hours worked.

64.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

**Wage Statements**

65.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

66.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

67.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

68.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned"

1    were not accurately reflected in that: all hours worked, including overtime, were not included.

2        69.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

3    hourly rates in effect during the pay period and the corresponding number of hours worked at each

4    hourly rate by the employee" were not accurately reflected in that: all hours worked, including

5    overtime, were not included.

6                              **FIRST CAUSE OF ACTION**

7                          **FAILURE TO PROVIDE MEAL PERIODS**

8                      **(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

9                        **(Plaintiff and Meal Period Sub-Class)**

10       70.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

11   fully alleged herein.

12       71.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

13   non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

14   Code and the applicable Industrial Welfare Commission Wage Order.

15       72.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

16   Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

17   employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

18   of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

19   minutes for each work period of ten hours.

20       73.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

21   Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work

22   during required meal periods and require employers to pay non-exempt employees an hour of

23   premium wages on each workday that the employee is not provided with the required meal period.

24       74.    Compensation for missed meal periods constitutes wages within the meaning of Labor

25   Code section 200.

26       75.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

27   violate the applicable Wage Order.

28       76.    Section 11 of the applicable Wage Order states:

13

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

77.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

78.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order.

79.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

80.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

81.    Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

82.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

83.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

1    and the **Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon,

2    and costs of suit.

3         84.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

4    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the

5    **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

6                            **SECOND CAUSE OF ACTION**

7                      **FAILURE TO PROVIDE REST PERIODS**

8                   **(Lab. Code §§ 204, 223, 226.7 and 1198)**

9                     **(Plaintiff and Rest Period Sub-Class)**

10        85.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

11   herein.

12        86.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

13   non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

14   Code and the applicable Wage Order.

15        87.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

16   employers to permit and authorize employees to take required rest periods at a rate of no less than ten

17   minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the

18   middle of each work period insofar as practicable.

19        88.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

20   employers from requiring employees to work during required rest periods and require employers to

21   pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each

22   workday that the employee is not provided with the required rest period(s).

23        89.    Compensation for missed rest periods constitutes wages within the meaning of Labor

24   Code section 200.

25        90.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

26   violate the Wage Order.

27        91.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

28   Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

1  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

2  as required by the applicable Wage Order.

3      92.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class**

4  members additional premium wages when required rest periods were not provided.

5      93.    Specifically, Defendants written policies do not provide that employees may take a

6  rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken

7  in the middle of each work period insofar as practicable.

8      94.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

9  and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and

10  costs of suit.

11      95.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

12  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest**

13  **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

14                          **THIRD CAUSE OF ACTION**

15              **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

16                  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

17                  **(Plaintiff and Hourly Employee Class)**

18      96.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

19  herein.

20      97.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been

21  non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

22  applicable Wage Order.

23      98.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

24  which an employee is subject to the control of the employer, and includes all the time the employee

25  is suffered or permitted to work, whether or not required to do so."

26      99.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

27  employees at least the minimum wage set forth therein for all hours worked, which consist of all hours

28  that an employer has actual or constructive knowledge that employees are working.

100.   Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

101.   Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

102.   Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

103.   Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

104.   Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

105.   Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

106.   Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

107.   Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

108.   Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

17

1  worked in excess of eight hours on a seventh consecutive workday during the workweek.

2      109.   Plaintiff is informed and believes that, at all relevant times, Defendants have applied

3  centrally devised policies and practices to him and **Hourly Employee Class** members with respect to

4  working conditions and compensation arrangements.

5      110.   At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

6  **Employee Class** members for all time worked, including but not limited to, overtime hours at

7  statutory and/or agreed rates.

8      111.   Section 9 of the applicable Wage Order states:

9          "When uniforms are required by the employer to be worn by the employee as a
            condition of employment, such uniforms shall be provided and maintained by the
10         employer.  The term 'uniform' includes wearing apparel and accessories of distinctive
            design or color."

11

12     112.   If the employer does not choose to maintain employees' uniforms itself where it is

13  required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the

14  employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the

15  state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic

16  estimate of the time involved in maintaining the uniform.

17     113.   At all relevant times during the applicable limitations period, and in violation of the

18  above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to

19  compensate Plaintiff with minimum and/or overtime wages for all hours he worked as a result of its

20  failure to maintain employee uniforms and/or pay him a weekly maintenance allowance.

21     114.   Plaintiff is informed and believes that, at all relevant times, and in violation of the

22  above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to

23  compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours

24  they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly

25  maintenance allowance.

26     115.   During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

27  **Employee Class** members all earned wages every pay period at the correct rates, including overtime

28  rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly**

1  **Employee Class** members to perform off-the-clock work.

2      116.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

3  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

4  full amount of wages earned during each pay period during the applicable limitations period,

5  including overtime wages.

6      117.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

7  behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and

8  overtime wages, interest thereon and costs of suit.

9      118.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

10  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

11  **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

12  

**FOURTH CAUSE OF ACTION**

13  

**FAILURE TO PAY VACATION WAGES**

14  

**(Lab. Code § 227.3)**

15  

**(Plaintiff and Vacation Pay Class)**

16      119.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

17  herein.

18      120.    California Labor Code section 227.3 provides:

19          Unless otherwise provided by a collective-bargaining agreement,
20  whenever a contract of employment or employer policy provides for
        paid vacations, and an employee is terminated without having taken off
21  his vested vacation time, all vested vacation shall be paid to him as
        wages at his final rate in accordance with such contract of employment
22  or employer policy respecting eligibility or time served; provided,
        however, that an employment contract or employer policy shall not
23  provide for forfeiture of vested vacation time upon termination.  The
        Labor Commissioner or a designated representative, in the resolution
24  of any dispute with regard to vested vacation time, shall apply the
        principles of equity and fairness.

25      121.    At all relevant times during the applicable limitations period, Plaintiff and members

26  of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

27      122.    As a result of their reimbursement policies and practices, Plaintiff is informed and

28  believes and thereon alleges that Defendants failed to reimburse him and **Vacation Pay Class**

19

CLASS ACTION COMPLAINT

1  members for all accrued vacation wages.

2      123.    By reason of the above, Plaintiffs and the members of the **Vacation Pay Class** are

3  entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the

4  filing of the Complaint until the date of entry of judgment.

5      124.    Plaintiff, on behalf of himself and the members of the **Vacation Pay Class**, seeks

6  interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor

7  Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure

8  section 1021.5.

9  <u>**FIFTH CAUSE OF ACTION**</u>

10  **FAILURE TO INDEMNIFY**

11  **(Lab. Code § 2802)**

12  **(Plaintiff and Expense Reimbursement Class)**

13      125.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

14  herein.

15      126.    Labor Code section 2802(a) states:

16          "An employer shall indemnify his or her employee for all necessary expenditures or
        losses incurred by the employee in direct consequence of the discharge of his or her

17          duties, or of his or her obedience to the directions of the employer, even though
        unlawful, unless the employee, at the time of obeying the directions, believed them to

18          be unlawful."

19      127.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense**

20  **Reimbursement Class** members incurred necessary business-related expenses and costs, including

21  but not limited to, personal cell phone bills, including call minutes and messaging rates, and the

22  purchase price of work uniforms and attire.

23      128.    Plaintiff is informed and believes, and thereupon alleges that Defendants failed to

24  indemnify Plaintiff and **Expense Reimbursement Class** members for all necessary expenses

25  incurred in the discharge of their duties.

26      129.    Plaintiff is informed and believes and thereupon alleges that Defendants failed to

27  indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in

28  the discharge of their duties.

130.   Pursuant to Labor Code section 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form and make of uniforms required to be worn by their employees.

131.   Section 9 of the applicable Wage Order states:

> "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

132.   At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

133.   At all relevant times during the applicable limitations period, Defendants required Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at their expense.  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

134.   Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

135.   Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

136.   Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

///
///
///
///
///

21

1

**SIXTH CAUSE OF ACTION**

2

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

3

**(Lab. Code § 226)**

4

**(Plaintiff and Wage Statement Penalties Sub-Class)**

5        137.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

6    herein.

7        138.    Labor Code section 226(a) states:

8            "An employer, semimonthly or at the time of each payment of wages, shall furnish to
            his or her employee, either as a detachable part of the check, draft, or voucher paying

9            the employee's wages, or separately if wages are paid by personal check or cash, an
            accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

10           worked by the employee, except as provided in subdivision (j), (3) the number of
            piece-rate units earned and any applicable piece rate if the employee is paid on a piece-

11           rate basis, (4) all deductions, provided that all deductions made on written orders of
            the employee may be aggregated and shown as one item, (5) net wages earned, (6) the

12           inclusive dates of the period for which the employee is paid, (7) the name of the
            employee and only the last four digits of his or her social security number or an

13           employee identification number other than a social security number, (8) the name and
            address of the legal entity that is the employer and, if the employer is a farm labor

14           contractor, as defined in subdivision (b) of Section 1682, the name and address of the
            legal entity that secured the services of the employer, and (9) all applicable hourly

15           rates in effect during the pay period and the corresponding number of hours worked at
            each hourly rate by the employee and, beginning July 1, 2013, if the employer is a

16           temporary services employer as defined in Section 201.3, the rate of pay and the total
            hours worked for each temporary services assignment.  The deductions made from

17           payment of wages shall be recorded in ink or other indelible form, properly dated,
            showing the month, day, and year, and a copy of the statement and the record of the

18           deductions shall be kept on file by the employer for at least three years at the place of
            employment or at a central location within the State of California.  For purposes of

19           this subdivision, 'copy' includes a duplicate of the itemized statement provided to an
            employee or a computer-generated record that accurately shows all of the information

20           required by this subdivision."

21

22        139.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the

23    "detachable part of the check" provision and the "accurate itemized statement in writing" provision

24    of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee

25    retains the right to elect to receive a written paper stub or record and that those who are provided with

26    electronic wage statements retain the ability to easily access the information and convert the electronic

27    statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

28        140.    Plaintiff is informed and believes that, at all relevant times during the applicable

1  limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**
2  members with written wage statements as described above.

3      141.    Plaintiff is informed and believes that Defendants' failure to provide him and **Wage**
4  **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in
5  that Defendants have the ability to provide them with accurate wage statements but have intentionally
6  provided them with written wage statements that Defendants have known do not comply with Labor
7  Code section 226(a).

8      142.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,
9  in that Defendants have violated their legal rights to receive accurate wage statements and have misled
10 them about their actual rates of pay and wages earned.  In addition, inaccurate information on their
11 wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has
12 required discovery and mathematical computations to determine the amount of wages owed, has
13 caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the
14 submission of inaccurate information about wages and deductions to federal and state government
15 agencies.

16     143.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**
17 **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial
18 pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each
19 subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an
20 aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and
21 costs.

22 

**SEVENTH CAUSE OF ACTION**

23 

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

24 

**(Lab. Code §§ 201-203)**

25 

**(Plaintiff and Waiting Time Penalties Sub-Class)**

26     144.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
27 herein.

28     145.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have

1  been entitled, upon the end of their employment with Defendants, to timely payment of all wages

2  earned and unpaid before termination or resignation.

3      146.   At all relevant times, pursuant to Labor Code section 201, employees who have been

4  discharged have been entitled to payment of all final wages immediately upon termination.

5      147.   At all relevant times, pursuant to Labor Code section 202, employees who have

6  resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to

7  payment of all final wages at the time of resignation.

8      148.   At all relevant times, pursuant to Labor Code section 202, employees who have

9  resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to

10  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11      149.   During the applicable limitations period, Defendants failed to pay Plaintiff all of his

12  final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

13      150.   Plaintiff is informed and believes that, at all relevant time during the applicable

14  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

15  members all of their final wages in accordance with the Labor Code.

16      151.   Plaintiff is informed and believes that, at all relevant times during the applicable

17  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

18  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

19  sections 201 or 202 by failing to timely pay them all final wages.

20      152.   Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

21  timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful

22  in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201

23  and/or 202 but have intentionally adopted policies or practices that are incompatible with those

24  requirements.

25      153.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

26  **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their

27  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

28      154.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

1  and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

2  **Class** members, seek awards of reasonable attorneys' fees and costs.

3  ### EIGHTH CAUSE OF ACTION

4  ### UNFAIR COMPETITION

5  **(Bus. & Prof. Code §§ 17200 *et seq.*)**

6  **(Plaintiff and UCL Class)**

7  155.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9  156.    Business and Professions Code section 17200 defines "unfair competition" to include

10  any unlawful business practice.

11  157.    Business and Professions Code section 17203-17204 allow a person who has lost

12  money or property as a result of unfair competition to bring a class action in accordance with Code

13  of Civil Procedure section 382 to recover money or property that may have been acquired from

14  similarly situated persons by means of unfair competition.

15  158.    California law requires employers to pay hourly, non-exempt employees for all hours

16  they are permitted or suffered to work, including hours that the employer knows or reasonable should

17  know that employees have worked.

18  159.    Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, SECOND,

19  THIRD, FOURTH, and FIFTH causes of action herein.

20  160.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

21  161.    Defendants have or may have acquired money by means of unfair competition.

22  162.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor

23  Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225,

24  226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code

25  violations alleged herein.

26  163.    Defendants have committed criminal conduct through their policies and practices of,

27  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt

28  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

1 | of five or more hours, provide non-exempt employees with uninterrupted, duty-free rest periods of at
2 | least ten minutes for each work period of four or more hours, by failing to pay non-exempt employees
3 | for all hours worked, and by failing to reimburse them for all expenses.

4 |    164. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt
5 | employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

6 |    165. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes
7 | unfair competition within the meaning of Business and Professions Code section 17200 *et seq*.
8 | Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows
9 | a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair,
10 | unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of
11 | similarly situated persons in a class action proceeding.

12 |    166. As a result of Defendants' violations of the Labor Code during the applicable
13 | limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
14 | of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

15 |    167. Plaintiff is informed and believes that other similarly situated persons have been
16 | subject to the same unlawful policies or practices of Defendants.

17 |    168. Due to the unfair and unlawful business practices in violation of the Labor Code,
18 | Defendants have gained a competitive advantage over other comparable companies doing business in
19 | the State of California that comply with their legal obligations.

20 |    169. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive
21 | for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates
22 | or is considered unlawful under any other state or federal law.

23 |    170. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff
24 | requests the issuance of temporary, preliminary and permanent injunctive relief enjoining
25 | Defendants, and each of them, and their agents and employees, from further violations of the Labor
26 | Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an
27 | order permanently enjoining Defendants, and each of them, and their respective agents and
28 | employees, from further violations of the Labor Code and applicable Industrial Welfare Commission

1  Wage Orders.

2      171.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

3  himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

4  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

5  and unfair business practices.

6      172.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

7  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

8  reasonable attorneys' fees in connection with their unfair competition claims.

9                          <u>**PRAYER FOR RELIEF**</u>

10     WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for

11 relief and judgment against Defendants as follows:

12          A.   An order that the action be certified as a class action;

13          B.   An order that Plaintiff be appointed class representative;

14          C.   An order that counsel for Plaintiff be appointed class counsel;

15          D.   Unpaid wages;

16          E.   Actual damages;

17          F.   Liquidated Damages;

18          G.   Restitution;

19          H.   Declaratory relief;

20          I.   Pre-judgment interest;

21          J.   Statutory penalties;

22          K.   Costs of suit;

23          L.   Reasonable attorneys' fees; and

24          M.   Such other relief as the Court deems just and proper.

25 ///

26 ///

27 ///

28 ///

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby

3 demands a jury trial on all issues so triable.

4

5 Dated:  November 6, 2020                    SETAREH LAW GROUP

6

7

8                                                                SHAUN SETAREH
                                                                 DAVID KELEDJIAN
9                                                                Attorneys for Plaintiff
                                                                 LEONARDO ALDAPE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1   Fraser A. McAlpine (State Bar No. 248554)
    Mariko Mae Ashley (State Bar No. 311897)
2   JACKSON LEWIS P.C.
    50 California Street, 9th Floor
3   San Francisco, California  94111-4615
    Telephone   (415) 394-9400
4   Facsimile:   (415) 394-9401
    E-mail:  Fraser.Mcalpine@jacksonlewis.com
5   E-mail:  Mariko.Ashley@jacksonlewis.com

6   Attorneys for Defendants
    CEVA LOGISTICS U.S., INC., CEVA FREIGHT,
7   LLC, and CEVA FREIGHT MANAGEMENT
    INTERNATIONAL GROUP, INC.

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                           COUNTY OF SAN MATEO

11

12  LEONARDO ALDAPE, on behalf of himself     Case No. 20-CIV-04865
    and all others similarly situated,
13                                             **DEFENDANTS' ANSWER TO**
                                               **PLAINTIFF'S UNVERIFIED**
14                Plaintiff,                    **COMPLAINT**

15        v.
                                               Complaint Filed:    November 6, 2020
16  CEVA LOGISTICS U.S., INC., a Delaware      Trial Date:         None Set
    corporation; CEVA FREIGHT, LLC, a
17  Delaware corporation; CEVA FREIGHT
    MANAGEMENT INTERNATIONAL
18  GROUP, INC., a Delaware corporation; and
    DOES 1 through 50, inclusive,
19
                  Defendants.
20

21

22        Defendants CEVA LOGISTICS U.S., INC., CEVA FREIGHT, LLC, and CEVA FREIGHT

23  MANAGEMENT INTERNATIONAL GROUP, INC. (collectively, "Defendants"), by and through

24  their undersigned counsel, hereby submits the following Answer to the Complaint filed by Plaintiff

25  Leonardo Aldape ("Plaintiff"):

26                              **<u>GENERAL DENIAL</u>**

27        Pursuant to Code of Civil Procedure section 431.30(d), Defendants deny generally and

28  specifically each and every allegation contained Plaintiff's unverified Complaint and further deny

                                          1
    DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT        Case No. 20-CIV-04865

that Plaintiff or the purported class he seeks to represent have suffered any injury or been damaged in any sum whatsoever.

### AFFIRMATIVE DEFENSES

Defendants have not completed its investigation of the facts of this case, have not completed discovery in this matter, and have not completed preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at this time, and Defendants specifically reserve the right to modify, amend or supplement any affirmative defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of these, Defendants allege the following defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The complaint, and each cause of action therein, fails to state a cause of action upon which relief may be granted or for which relief or recovery sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. The complaint, and each cause of action therein, is barred by the applicable statute of limitations, including but not limited to Cal. Civ. Proc. Code §§ 338, 340(a), Cal. Lab. Code § 203(b), and Cal. Bus. & Prof. Code § 17208, to the extent Plaintiff seeks recovery in excess of the time limitations set forth in those statutes.

### THIRD AFFIRMATIVE DEFENSE

### (Arbitration)

3. To the extent that any putative class member has agreed to arbitrate any or all of the claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the complaint should be dismissed and/or stayed and the putative class member should be compelled to arbitrate their individual claims, if any.

### FOURTH AFFIRMATIVE DEFENSE

### (Res Judicata / Collateral Estoppel)

4. Plaintiff's claims and the claims of some or all of the purported class members are

barred in whole or in part by the doctrine of res judicata or collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Release)

5.      Some or all of Plaintiff's claims and the claims of the putative class members he purports to represent are barred, in whole or in part, by prior waiver and or release agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (No Willful Violation / Good Faith Dispute)

6.      To the extent Plaintiff seeks penalties for any alleged willful failure to comply with the requirements of the California Labor Code, including Labor Code section 203, such penalties are barred because Defendants did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Accord, Satisfaction and Payment)

7.      Some or all of Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Cognizable Injury or Damages)

8.      The Sixth Cause of Action is barred in whole or in part because, even assuming *arguendo* Plaintiff or the allegedly aggrieved employees he purports to represent were not provided with a proper itemized statement of wages and deductions, they are not entitled to recover damages because they suffered no injury based on Defendants' alleged failure to provide itemized wage statements.

## NINTH AFFIRMATIVE DEFENSE

### (Wage Statements – No Knowing and Intentional Failure)

9.      Defendants allege that, even assuming *arguendo* Plaintiff or the putative class members were not provided with a proper itemized statement of wages and deductions, a recovery of damages or penalties is not permitted because Defendants' alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California

1   Labor Code Section 226(e).

2   **TENTH AFFIRMATIVE DEFENSE**

3   **(Voluntary Waiver of Meal and Rest Periods)**

4         10.     Plaintiff's First and Second Causes of Action for failure to provide meal and rest

5   periods are barred in whole or in part to the extent Defendants provided meal and rest periods in

6   compliance with California law, and Plaintiff and the putative class members he purports to

7   represent voluntarily waived meal and rest breaks as allowed by the relevant provisions of the IWC

8   Wage Orders.

9   **ELEVENTH AFFIRMATIVE DEFENSE**

10   **(Equitable Doctrines)**

11         11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

12   therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

13   **TWELFTH AFFIRMATIVE DEFENSE**

14   **(No Unreimbursed Business Expenses)**

15         12.     Plaintiff's Fifth Cause of Action is barred because Defendants complied with

16   California law as it relates to business expenses under Cal. Lab. Code §§ 2800, 2802 and reimbursed

17   Plaintiff and any putative class member for all business expenses for which they requested

18   reimbursement.

19   **THIRTEENTH AFFIRMATIVE DEFENSE**

20   **(Excessive Fines)**

21         13.     To the extent Plaintiff seeks to recover liquidated damages or any penalties that are

22   disproportionate to the actual harm suffered, if any, such an award under the circumstances of this

23   case would constitute an excessive fine and would otherwise be in violation of Defendants' due

24   process and other rights under the United States Constitution.

25   **FOURTEENTH AFFIRMATIVE DEFENSE**

26   **(No Jury Trial for Unfair Competition Claim)**

27         14.     Defendants assert that to the extent Plaintiff seeks equitable relief under the  Eighth

28   Cause of Action under California Business and Professions Code section 17200, *et seq.*, he is not

1   entitled to a jury trial, and instead must adjudicate his claims by way of a bench trial. *See Hodge v.*

2   *Sup. Ct.* (2006) 145 Cal. App. 4th 278.

3                              **FIFTEENTH AFFIRMATIVE DEFENSE**

4                                  **(Adequate Remedy At Law)**

5          15.     Plaintiff and the allegedly aggrieved employees he purports to represent are not

6   entitled to a recovery of equitable relief, including any relief requested pursuant to California

7   Business & Professions Code section 17200 *et seq.* because of the existence of an adequate remedy

8   at law.

9                              **SIXTEENTH AFFIRMATIVE DEFENSE**

10                                  **(Reservation of Rights)**

11         16.     Defendants reserve the right to amend their Answer and add additional defenses or

12   counterclaims that may become known during litigation.

13                          **DEFENDANTS' REQUEST FOR RELIEF**

14   Wherefore, Defendants pray for judgment that:

15         1.      That Plaintiff takes nothing by way of the Complaint;

16         2.      That the Complaint be dismissed with prejudice and judgment entered in favor of

17                 Defendants and against Plaintiff on all claims;

18         3.      That Plaintiff be denied each and every demand and prayer for relief contained in

19                 the Complaint;

20         4.      That Defendants be awarded their costs of suit incurred herein including reasonable

21                 attorneys' fees pursuant to applicable law; and

22         5.      For such other and further relief as the Court may deem just and proper.

23   Dated:  December 9, 2020                      JACKSON LEWIS P.C.

24                                                 *Mariko Mae Ashley*

25                                          By: _____
                                                   Fraser A. McAlpine
26                                                 Mariko Mae Ashley
                                                   Attorneys for Defendants
27                                                 CEVA LOGISTICS U.S., INC.,
                                                   CEVA FREIGHT, LLC, and CEVA
28                                                 FREIGHT MANAGEMENT
                                                   INTERNATIONAL GROUP, INC.

1

**PROOF OF SERVICE**

2

I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis P.C., whose

3

address is 50 California Street, 9th Floor, San Francisco, California 94111; I am over the age of

4

eighteen (18) years and am not a party to this action.

5

On December 9, 2020, I served the attached document(s):

6

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT**

7

8

in this action as follows:

9

Shaun Setareh, Esq.
David Keledjian, Esq.

10

Setareh Law Group
315 South Beverly Drive, Suite 315

11

Beverly Hills, CA 90212
Telephone: (310) 888-7771

12

Facsimile: (310) 888-0109
E-mail: shaun@setarehlaw.com

13

E-mail: david@setarehlaw.com

14

[ **X** ] <u>BY MAIL</u>: United States Postal Service by causing sealed envelopes with the postage

15

thereon fully prepaid, placed for collection and mailing on this date, following ordinary
business practices, in the United States mail at San Francisco, California.

16

[ ] <u>BY HAND DELIVERY</u>: I caused such envelope(s) to be delivered by Messenger Service

17

to the above address.

18

[ ] <u>BY OVERNIGHT DELIVERY</u>: I caused such envelope(s) to be delivered to the above
address within 24 hours by overnight delivery service.

19

[ ] <u>BY FACSIMILE</u>: I caused such document(s) to be transmitted by facsimile from our

20

facsimile number 415.394.9401 to the fax number indicated above.

21

[ **X** ] <u>BY DESIGNATED ELECTRONIC FILING SERVICE</u>: I hereby certify that the above-
referenced document(s) were served electronically on the parties listed above at their most

22

recent known e-mail address or e-mail of record by submitting an electronic version of the
document(s) to First Legal at efiling@firstlegal.com.

23

I declare under penalty of perjury under the laws of the State of California that the above is

24

true and correct.

25

Executed on December 9, 2020 at Pleasant Hill, California.

26

_Mary Stoner_

27

_____
Mary Stoner

28

4851-5639-8036, v. 1

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                Case No. 20-CIV-04865